E-FILED
Monday, 27 July, 2026  02:56:27 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

CHARLES RICHARDSON,
    Plaintiff,

v.

    Case No. 2:26-cv-2028-JEH-RLH

ILLINOIS DEPARTMENT OF
HUMAN SERVICES,
    Defendant.

**Order**

Now before the Court is Defendant Illinois Department of Human Services' ("IDHS") Rule 12(b)(6) Motion to Dismiss (D. 13) and Plaintiff Charles Richardson's ("Richardson") Response to Motion to Dismiss (D. 14)[1]. For the reasons set forth *infra*, the IDHS's Motion to Dismiss is DENIED.

**I**

**A**

On January 21, 2026, Richardson filed his Complaint (D. 1). In his Complaint, Richardson states his cause of action arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. He alleges the following. Richardson works for the IDHS as a Public Aid Eligibility Assistant in Macon, Illinois. He is a United States Military veteran and suffers from Severe Post-Traumatic Stress Disorder. The United States Department of Veterans Affairs has found him to be 100% disabled. Over the course of the past several years, Richardson has made requests to the IDHS that his service dog be present with

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

him at work. He has provided medical documentation to the IDHS detailing his condition and a recommendation from his medical providers for his service animal to be present with him at work. His service animal is a fully trained service animal, not an emotional support animal. The IDHS has continually denied Richardson's requests to bring his service animal to work and imposed conditions which make bringing his service animal to work impracticable.

Richardson alleges that the IDHS violated his right to reasonable accommodation under the ADA. Prior to filing this lawsuit, Richardson filed a discrimination charge with the United States Equal Employment Opportunity Commission ("EEOC"). In 2024, the EEOC found that there was "reasonable cause to believe that [the IDHS] discriminated against [Richardson] because of his disability, by not providing a reasonable accommodation, in violation of the ADA." Despite the EEOC's reasonable cause determination, the IDHS still refused to allow him to bring his service animal to work. The EEOC then issued Richardson a right-to-sue notice, and that he had 90 days to file a lawsuit, should he choose to do so. Accordingly, Richardson filed the lawsuit within the 90-day window outlined by the EEOC in its notice.

**B**

In its Rule 12(b)(6) Motion to Dismiss, the IDHS argues that the Complaint should be dismissed because Richardson did not present sufficient factual allegations to demonstrate that Richardson's Post-Traumatic Stress Disorder qualifies him as a disabled individual under the ADA and that he is therefore entitled to reasonable accommodation.

The IDHS's principal argument is that Richardson has not alleged plausible facts supporting the allegation that he qualifies as a disabled person under the ADA and that he is entitled to reasonable accommodation. The IDHS further argues that Richardson failed to allege how Richardson's disability substantially

limits his ability to work, which is considered a major life activity. The IDHS's argument primarily rests on the two-part test in *Brumfield*. *Brumfield v. City of Chicago*, 735 F.3d 619 (7th Cir. 2013).

Richardson's response to the 12(b)(6) Motion argues that the cases that IDHS presented are not applicable, as IDHS used a pre-*Twombley* case and cases that addressed a motion for summary judgement. Richardson also argues that he plausibly alleged that he is a qualified individual with a disability.

## II

## A

Federal Rule of Civil Procedure 12(b)(6) governs whether a complaint fails to state a claim. FED. R. CIV. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* At the motion to dismiss stage, a court "accept[s] the well-pleaded facts in the complaint as true and draw[s] reasonable inferences in the plaintiff's favor." *Bronson v. Ann & Robert H. Lurie Child.'s Hosp. of Chi.*, 69 F.4th 437, 448 (7th Cir. 2023). A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 555). The Court is to draw all reasonable inferences in favor of the non-movant, but the Court "need not accept as true any

legal assertions or recital of the elements of a cause of action 'supported by mere conclusory statements.'" *Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014) (quoting *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013)).

To properly plead a failure to reasonably accommodate claim, a plaintiff must allege the following: (1) he was a qualified individual with a disability; (2) the defendant was aware of his disability; and (3) the defendant failed to reasonably accommodate his disability. *Youngman v. Peoria Cnty.*, 947 F.3d 1037, 1042 (7th Cir. 2020). According to *Brumfield*, to qualify as a disabled person under the ADA, the individual must first be qualified on paper by fulfilling "the requisite skill, experience, education, and other job-related requirements of the employment position." *Brumfield*, 735 F.3d at 632 (7th Cir. 2013). Second, the individual must be capable of performing the position's primary functions with or without reasonable accommodation. *Id*. (citing *Hammel*, 407 F.3d at 862).

**B**

The Court is unpersuaded by the IDHS's argument that Richardson has failed to plausibly allege he is a qualified individual with a disability. Although the Complaint is brief, its well-pleaded allegations, accepted as true and viewed in Richardson's favor, are sufficient to state a plausible claim. Here, Richardson has alleged the fact that he has Post-Traumatic Stress Disorder, that Post-Traumatic Stress Disorder qualifies as a disability under the ADA, that he requires a service dog as part of his disability, that he submitted documentation to the IDHS detailing his need for his service dog at work, and that his requests to bring his service dog to work have been denied or the conditions have been made impossible. Richardson has plausibly alleged that the IDHS failed to provide reasonable accommodation in violation of the ADA. At this point in the pleading stage, Richardson only needs to present a short and plain statement of his claims according to Federal Rule of Civil Procedure 8(a). FED. R. CIV. P. 8(a). Richardson

4

does not need to plead every evidentiary fact supporting each element of his claim. At this stage, his Complaint has already satisfied the plausibility standard and the short and plain statement laid out in 8(a) of the Federal Rules of Civil Procedure. *Id*. Drawing reasonable inferences in his favor, those allegations plausibly suggest that he could perform the essential functions of the position with the requested accommodation.

The IDHS's Motion to Dismiss relies upon case law such as *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 862 (7th Cir.2005); *Hoffman v. Caterpillar, Inc.*, 256 F.3d 568, 577 (7th Cir. 2001); and *Squibb v. Mem'l Med. Ctr.*, 497 F.3d 775, 785 (7th Cir.2007). Although those cases discuss the substantive requirements of an ADA reasonable accommodation claim, the cases were decided following factual development on summary judgement rather than at the pleading stage. Accordingly, the cases do not alter the Court's conclusion that Richardson has alleged sufficient facts to survive a Rule 12(b)(6) Motion to Dismiss. Although the holding in *Brumfield* does address a motion to dismiss, it does not address the issue of whether the plaintiff pleaded sufficient facts in the complaint. *Brumfield*, 735 F.3d at 631-32. Instead, the main issue clarified whether Title II of the ADA covers employment-related disability discrimination.

Richardson's allegations plausibly suggest that he is a qualified individual with a disability, that the IDHS knew of the disability and the request for accommodation, and that the IDHS failed to provide reasonable accommodation. Ultimately, Richardson has plausibly alleged the elements of a failure to provide reasonable accommodation claim.

### III

The IDHS's Motion to Dismiss is DENIED.

*It is so ordered.*

Entered on July 27, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE